McIlvaine, J.
On the 9th of January, 1866, David Krichbaum was killed by a train upon the railroad of plaintiff in error, at a point where South Market street, in the city of Cantou, crosses the railroad. The defendant in error, as the administrator of the deceased, brought his action against the plaintiff in error, under the statute, for wrongfully causing the death of his intestate. The alleged wrong of the plaintiff in error consisted in the speed of the train, and the failure to give' proper signals- of its approach to the crossing. On the trial in the Court of Common Pleas, the plaintiff below offered testimony tending to prove the allegations of the petition; and the defendant offered testimony tending to show contributory negligence on the part of deceased.
It appears from the testimony, that in the afternoon of that day, the defendant’s train approached the crossing at Market street on its regular time, and, at the same time, the deceased and his father were approaching the same crossing, in a wagon drawn by two horses. The lines of the railroad and of Market street, in the direction the train and wagon were moving, were convergent,, at an angle of about forty-five degrees. The wagon in which the deceased and his *122 father were riding, was being driven by the father; and at a point about two hundred feet from the crossing, the horses took fright at the approaching train, and ran to the crossing, where they collided with the train, throwing the deceased under it, thereby causing his death. It was claimed by the-defendant that the deceased and his father were guilty of negligence in not turning the team into a cross-street there situate, and in approaching the crossing, knowing the train to be then due, with a team of'horses which they knew to be subject to affright from trains of cars, etc.
The testimony being closed, the defendant submitted to the court twenty propositions to be given in charge to the jury. ' Pive of these propositions were given as requested, and the others refused, except in so far as they -were embraced in the genera] charge. Only one of those refused will be considered in this opinion, as we think the others, in so far as they embodied correct principles of law applicable to the case, were substantially embraced in the' general charge.
The defendant requested the court to instruct the jury, that, if the negligence of the deceased contributed to the injury which caused his death, the plaintiff could not recover, although the defendant was also guilty of negligence, etc.
Thé principle involved in this request was not fairly given to the jury. The fault, which we think is found in the charge, consists in this, that the jury might well have understood from the whole charge, that, as matter of law, the negligence of the deceased and the negligence of the defendant could not have operated, at the same time, as immediate causes of the death.
The charge commenced as follows:
“ Gentlemen of the jury, in this case there are two main propositions for your consideration :
“1. Was the railroad company, or, in other words, its servants who had charge of this train, guilty of negligence and carelessness ?
*123 “2. Was it this carelessness and negligence of the railroad company that caused the death of David Krichbaum? The proof must show you by a fair preponderance, that! both these propositions have been established to enable you! to render your verdict for the plaintiff. If the defendant was) negligent, and yet if that negligence did not cause the in-| jury, then, whether the death was the result of the negligence of David and his father, or of a third party, or of mere accident, the plaintiff ought not to recover. If both these propositions have been established, then plaintiff ought to recover.”
The court then gave instructions in general terms: 1. In' defining negligence; 2. By referring to testimony which tended to prove negligence on the part of the defendant.
The charge proceeds :
“ On these questions of negligence, on the part of defendant, how do you say? Has the proof shown you by a fair-preponderance that negligence did thus exist. If not, your verdict should be for defendant, without proceeding-further. But if such negligence has been proved, yet the plaintiff can not recover, unless the proof shows you that the negligence of defendant caused the calamity; or, in other1 words, was the deceased -and his father, or either of them, guilty of negligence or want of care? If they were, and that produced the injury, the plaintiff'ought not to recover.. There is a difference between proximate and remote cause. Was deceased’s negligence, if any existed, the proximate cause of the injury; if so, plaintiff ought not to recover.
“What I mean by the proximate cause is this: It matters not how negligent and careless the persons in running this train may have been before the train came near the-crossing ; it matters not what may have been the speed of the train from Louisville, and before it came in sight of the-deceased and his father; it matters not how careless the servants of the defendant may have been, the plaintiff ought not to recover, if the deceased and his father could have avoided the collision, by the exercise of ordinary care,, diligence, and prudence. On the other hand, it matters not *124 Row careless the said deceased and his father may have been, if the said persons, in running said train, could, by the exercise of ordinary care, prudence, and diligence, have .avoided said collision, and did not, then the plaintiff ought to recover. Eor instance, the deceased and his father may have been careless in the time of day they were driving near the railroad crossing. They perhaps ought to have left town earlier, and crossed the track earlier in the day. 'The question is not which party was remotely careless, but how was it near the crossing? Both parties had the right to the crossing; the railroad train upon the track, and the deceased and his father upon the road that crossed the track, and both parties were bound to the use of ordinary care and caution in crossing. Now, on the subject of care -or negligence, on the part of the deceased and his father, the same rules apply as given you above in regard to the ■care or negligence of defendant’s servants.”
The court then commented on the testimony which tendedlo show neglience on the part of deceased; and having also instructed the jury, that “if this collision was the result of mere accident, of course, the plaintiff ought not to recover,” concluded its charge as follows :
“ Now, gentlemen, have these two propositions been established by a fair preponderance of proof, to wit:
“ 1. That the servants of the defendant were guilty of ■negligence in running this train.
2. Was this negligence of the servants of the defendant the cause of the collision ? If these two propositions have been established, then the plaintiff ought to recover, but if they have not been, then the plaintiff ought not to recover!”
The jury was properly instructed: 1. That the plaintiff -could not recover, unless it was shown that the defendant was guilty of negligence, and that such negligence “ caused” .the injury. 2. That the plaintiff could not recover, if the -deceased was guilty of negligence or want of care, and •“ that produced” the injury.
*125 Neither of these instructions, howéver, indicated the rule? by which the jury should be governed, in case they found the injury to have resulted from combined causes, to wit, the co-operation of negligent conduct on the part of both the defendant and the deceased. With regard to the rule in such case, the court gave to the jury two propositions,.. as follows: “ It matters not how cai’eless the servants of the-defendant may have been, the plaintiff ought not to recover, if the deceased or his father could have avoided the collision by the exercise of care, diligence, and prudence. On the other hand, it matters not how careless the deceased- and his father may have been, if the persons running the train could, by the exercise of ordinary care, prudence, and diligence, have avoided the collision, and .did not, then the-plaintiff ought to recover.” The first proposition was quite-as favorable to the defendant as it should have been, but the-latter was to its prejudice and is wholly indefensible. It is claimed that these propositions were intended to state rules for the government of the jury, if the negligence on one side should appear to have been a remote cause of the injury, and the negligence on the other, the proximate cause. That is to say, the first was to govern in case the negligence of the defendant was remote, and that of the deceased the-proximate cause of the injury; and the second proposition,, in case the jury should find the negligence of the deceased was remote, and that of the defendant proximate. We doubt whether the jury could have so understood the-charge. The language employed did not indicate such purpose, nor can it be fairly gathered from the context. It is true, the court in the same connection was endeavoring to distinguish between remote aud proximate causes. The distinction drawn, however, shows the difference between acts which did, and those which did not, contribute to the injury, rather than the difference between such as contributed remotely and those which contributed proximately to the result.
If, however, these propositions were understood in the sense in which it is claimed they were intended, it then? *126 •follows that the jury was wholly uninstructed as to their ■duty, in case they found that the negligence of the deceased operated as one of the causes which directly produced the injury. It is true that the jury had been told that if the negligence of the deceased (if any existed) was the proximate cause of the injury, the plaintiff could not •recover. But the jury may have understood the court, in this instruction, to use the phrase “ cause of the injury,” as meaning the sole cause. For it is quite certain that the phrase was used in that sense in several other connections; for instance, in the conclusion of the charge the court put to the jury two propositions for their consideration : 1. Were the servants of the defendant guilty of negligence in running the train? 2. Was such negligence the cause of the collision ? And then instructed them that if these two propositions were established, the plaintiff ought to recover; • otherwise, not. Now this last instruction can be sustained only on the ground, that the words, “ cause of the collision” •mean the “sole cause of the collision.”

Judgment reversed and cause remanded.

Day, C. J., Welch, Stone, and White, JJ.,-concurring.